UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Marvin A. Barkers, | ) | C/A No.  4:09-237-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| State of South Carolina, and Warden of Lee | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Petitioner, Marvin A. Barkers ("petitioner/Dinkins"), a *pro se* prisoner, seeks habeas relief

pursuant to 28 U.S.C. §2254.  This matter is before the Court on the respondent's motion for

summary judgment  (document # 62) and petitioner's motions to dismiss (docs. #66, #81, #83, #87,

and #93).[1]

The petitioner filed this petition for a writ of habeas corpus on January 30, 2009.  On July

6, 2009, the respondent filed a motion for summary judgment, along with supporting memorandum

and exhibits.  The undersigned issued an Order filed July 7, 2009, pursuant to Roseboro v. Garrison,

528 F.2d 309 (4th Cir. 1975), advising the petitioner of the motion for summary judgment procedure

and the possible consequences if he failed to respond adequately. Petitioner did not file a response

but filed a one page document entitled motion to dismiss on July 9, 2009. Respondent filed a

response in opposition. Petitioner filed additional one page motions to dismiss asserting in each that

_____

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

he moves to dismiss the action for "want of jurisdiction of the subject matter purportedly based on §301 of the LMRA, in the foregoing action." (See motions to dismiss, #66, #81, #83, #87, and #93).

# I. PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is presently confined in the Lee Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Florence County convictions and sentence. The Florence County Grand Jury indicted petitioner at the March 2002 term of court for criminal sexual conduct (CSC) with a minor in the second degree, kidnaping, lewd act on a minor, and criminal domestic violence of a high and aggravated nature (CDVHAN) (02-GS-21-271). ROA. pp. 533-34.1. Henry M. Anderson, Jr., Esquire, represented him on these charges.

On March 22-25, 2004, petitioner received a jury trial before the Honorable J. Michael Baxley. Judge Baxley directed a verdict on the kidnaping charge, with the State's consent. ROA p. 453, ll. 5-10.The jury found him guilty of the remaining charges. ROA pp. 1-530. Judge Baxley sentenced him to twenty years imprisonment for CSC with a minor in the second degree; fifteen years, concurrent for committing a lewd act on a minor; and to a consecutive five years imprisonment for CDVHAN. ROA p. 529, ll. 12-21.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on appeal. On February 3, 2006, Mr. Dudek filed a Final <u>Anders</u> Brief of Appellant on petitioner's behalf and petitioned to be relieved as counsel. The Final <u>Anders</u> Brief

presented the following issue:

> Whether the court erred by allowing Coles Badger to testify and opine from her evaluation sessions with the alleged victim that the victim was sexually abused, since the defense was promised by the state that Badger would only testify in general about recantations not being unusual in sexual abuse cases, because appellant relied to his detriment on the state's assertion about the limits of her testimony, and appellant was denied his opportunity to rebut this testimony?

Final <u>Anders</u> Brief of Appellant at p. 3. Petitioner thereafter filed a pro se "Summons" and a "Supplemental Affidavit of Defense," in response to the <u>Anders</u> Brief. His pro se "Affidavit" presented the following issue for review:

> Petitioner, contends as a matter of law he has been " tried " " convicted " & " sentenced " in a[n] unconstitutional trial proceeding, under color of law, by South Carolina officials, in their individual capacity, in derogation of his rights guaranteed by the laws and constitution of South Carolina and the United States. Which was a plain error!

> Simply put, South Carolina has exercised personal jurisdiction over me in [the] absence of my consent to this suit or authorization for service of summons on me. Which was a plain error! I [object] to South Carolina's lack of personal and subject matter jurisdiction. Amenability to process on me is a prerequisite as a matter of law for South Carolina's exercise of personal jurisdiction over me and without it the trial court could not adjudicate legally or acquire subject matter jurisdiction.

> Therefore, ... the acting judge has by fraud upon the court sentenced me to a void judgment in a[n] unlawful trial proceeding which was not authorized by the laws and constitution of South Carolina and the United States. Which was a plain error! South Carolina has adjudicated this action in [the] absence of all jurisdiction.

> Petitioner contends as a matter of law he wants personal & subject matter jurisdiction by South Carolina to adjudicate this case.

> All of which forms the basis for the granting of my request by this Court of Appeals for a nullity of my void judgment or the dismissal of this case pursuant to Rule 12(b)(1) &(2)&(3), SCRCP.

> Upon this Court of Appeals failure to render my void judgment a nullity or dismissal of this case as a matter of law it would result in a fundamental miscarriage of justice.

> Relief Requested: Immediate release from my unlawful imprisonment through signed

" order " of this court and a copy of the same provided to me. Total reimbursement of attorney's fee paid to Henry M. Anderson due to his gross incompetence & the trial court's abuse of discretion.

On April 12, 2007, the South Carolina Court of Appeals dismissed petitioner's appeal and relieved counsel in an unpublished Opinion. State v. Marvin A. Barkers, 07-UP-165 (S. C. Ct. App., Apr. 12, 2007). It sent the Remittitur to the Florence County Clerk of Court on May 1, 2007.

Meanwhile, petitioner had filed a pro se Post-Conviction Relief (PCR) Application (06-CP-21-1421) on August 22, 2006. He alleged the following grounds for relief in his Application:

1.   Petitioner, requests pursuant to the principle's of federalism an "emergency" independent hearing to set aside his judgment for fraud and/or on grounds that judgment is "void" which was obtained without both his consent to the suit and his amenability to process and such action was taken by unauthorized people based on the following: criminal conspiracy, fraud upon the court, aiding and abetting in a felony kidnaping, and obstruction of justice and such action remains in effect in violation of rights guaranteed to him under 1, 4, 5, 6, 8, and 14th Amendments to the Constitution of the United States.

2.   Petitioner, contends this court's failure to immediately allow him an opportunity to exercise his constitutional rights to petition, address, and/or present these issues's to the court and have them ruled on by the presiding judge as a matter of law then such injustice would result in a irreparable injury to petitioner as well as a fundamental miscarriage of justice.

3.   Petitioner, contends jurisdiction for such as prescribed in sect. 15-78- 100, South Carolina Code of laws, as amended, is exclusively in the circuit court's of the State of South Carolina in the county in which such alleged acts or omissions occurred, and since I, Marvin Barkers do not consent to this suit, this court has no jurisdiction over him.

4.   Petitioner contends reference to underlying action he interpose his "Objection" to the unauthorized people applying state law to him in an unconstitutional manner and such action remains in effect in violation of rights guaranteed to him under the 1, 4, 5, 6, 8, and 14th Amendments to the Constitution of the United States.

5.   Petitioner contends "he was never notified nor served with any type of pleading in underlying action" pursuant to the laws and Constitutions of South Carolina and the United States.

6.   Petitioner, contends his trial counsel failed to provide reasonable effective assistance of counsel, and his deficient performance prejudiced the Petitioner and deprived him of a fair "trial proceeding", under the standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in that said attorney: [1] waived petitioner's consent without his knowledge to underlying action to intentionally deprive petitioner of his right to the fundamental requisites of due process of and his liberty and such conduct by counsel was fraud in the inducement, and fraud upon the court based on misrepresentation and such action was asserted unlawfully and without petitioners amenability to process; [2] petitioner contends his attorney filed in the South Carolina Court of Appeals an interlocutory appeal on his behalf which was used as a vehicle for furthering fraud and depriving him of his right to judicial review reference to underlying action where there has been no adjudication in the instant case and petitioners seeking to overturn what he thought was a final judgment and after his discovery of the fraud by counsel calls for nothing less than complete denial of relief and such action by counsel remains in effect in violation of rights guaranteed to him under the 1, 4, 5, 6, 8 & 14th Amendments to the Constitution of the United States.

7.    Petitioner further contends the above-mentioned action was controlled by an error of law, an abuse of the judge's discretion, which did constitute a fundamental miscarriage of justice.

8.   Petitioner contends reference to underlying action his attorney's failure to raise a defense to the material fact he was not amenable to process deprived him of his right to counsel for his defense and counsel's fraudulent conduct caused petitioner to be deprived of his liberty without due process of law which constitute's fraud.

9.   Petitioner contends reference to underlying, action he interpose his "objection" to the trial court's lack of subject-matter jurisdiction.

10.   Petitioner contends reference to underlying action he was demonstrated in his petition that the jury was actuated by considerations not founded on the evidence and/or the instructions of the court.

11.   Petitioner, contends reference to underlying action the unauthorized people were officers of the court and their conduct was unlawful does constitute a fraud on the court for purpose of his motion to set aside his void judgment for

fraud.

12. Petitioner contends he interpose his "objection" to being initially arrested on November 6, 2001 and kept unlawfully in custody by unauthorized official's through their use of force absent a basis, a warrant and without a judicial determination of probable cause and such action was taken based on criminal conspiracy, fraud upon the court, aiding and abetting in a felony kidnaping, and obstruction of justice and such action remains in effect in violation of rights guaranteed to him under the 1, 4, 5, 6, 8 and 14th Amendments to the Constitution of the United States.

13. Petitioner requests the presiding judge to "immediately" return a signed order to him either granting or dismissing his petition reference his 60(b)(4), motion to set aside his judgment for fraud and/or on ground that his judgment is void and his failure to do so would not only result in a further irreparable injury to him and a abuse of the judge's discretion but a fundamental miscarriage of justice as such action would violate rights guaranteed to him under the 1,4,5,6,8, and 14, Amendments to the Constitution of the United States.

14. Petitioner request his appointed attorney to "immediately"file a notice of intent to appeal these issue's to the Supreme Court upon the presiding judge's failure to grant his petition and notify him of such and counsel's failure to do so would violate rights guaranteed to him under the 1,4,5,6,8, and 14, Amendments to the Constitution of the United States.

15. Petitioner contend all is pursuant to the Constitution, or any treaty or law of the United States.

He filed a Supplemental Amendment to Application for Post-Conviction Relief, in which he alleged

the following additional allegations:

1. Notice & Motion brought under Fed.R.Civ.Proc. Rule 60(b) (4), 28 U.S.C.A. to set aside Petitioners' judgment on ground that judgment is void and/or for a fraud on the court;

2. Notice & Motion brought under Fed.R.Civ.Proc. Rule 41(b), 28 U.S,C,A, to dismiss underlying action for a failure to prosecute;

3. Petitioner contends pursuant to the principle's of federalism there was insufficient evidence to support his conviction;

4. Petitioner contend the gravamen of his "emergency" motion(s) brought under

Fed.R.Civ.Proc. Rule 60(b)(4), & Rule 41(b), 28 U.S.C.A. is based on the following newly discovered evidence and demonstration(s) of a fraud on the court by his attorney and unauthorized official's and such misconduct prevented him from fully and fairly presenting his case.

5.      Petitioner contend underlying action was taken absent the following notice to him, his consent to the suit, and his amenability to process and such fraud on the court remains in effect in violation of rights guaranteed to him under South Carolina law and the 1, 4, 5, 6, 8 and 14th Amendments to the Constitution of the United States.

6.      Petitioner, contend Jurisdiction for such as prescribed in Sect. 15-78- 100, South Carolina Code of laws, as amended, is exclusively in the circuit court's of the State of South Carolina in the county in which such alleged acts or omissions occurred, and since I Marvin Barkers do not consent to this suit, this court has no jurisdiction.

7.      Petitioner contend "he was never notified nor served with any type of pleadings in reference to underlying action" pursuant to the laws and Constitution of South Carolina and the United States.

8.      Petitioner contend reference to underlying action the trial judge without authority granted to him by law rendered a void default judgment against him when he was never afforded the requirements of notice and a hearing guaranteed to him by the Due Process Clauses of the 5th and 14th Amendments to the Const. Of the United States. Petitioner, contend he was unlawfully prosecuted by unauthorized people based on their assertion of "extrinsic fraud" upon the court absent both his consent to the suit and his amenability to process and such conduct utterly inconsistent with the orderly administration of justice has prevented him from having a fair submission of the controversy and such fraud on the court remains in effect in violation of rights guaranteed to him under South Carolina law and the 1, 4, 5, 6, 8 and 14th Amendments to the Constitution of the United States.

9.      Petitioner contend reference to underlying action his attorney should have raised the issue of subject matter jurisdiction to trial judge because he was never given notice to such action nor was he amenable to process and since counsel failed to raise the issue Petitioner was prejudiced by the trial judge's failure to raise issue of subject matter jurisdiction ex mero muto and such fraud on the court remains in effect in violation of rights guaranteed to him under South Carolina law and the 1,4,5,6,8, and 14th Amendments to the Constitution of the United States.

10.     Petitioner contend he interpose his "objection" to the trial judge's lack of

jurisdiction to entertain underlying action absent both a basis and/or his amenability to process.

11. Petitioner further contend the above-mentioned action by the trial judge did constitute a error of law, a abuse of his discretion, and a fundamental miscarriage of justice.

12. Petitioner contend it is fundamental that no judgment or order affecting the rights of a party to a cause shall be made or rendered without notice to the party whose rights are to be affected.

13. Petitioner contend reference to underlying action he is being held in custody unlawfully as a result of his attorney's concealment of the material fact that he was not amenable to process. Petitioner further contend because his attorney waived his consent to underlying action he was prevented from fully and fairly presenting his case and such fraud on the court remains in effect in violation of rights guaranteed to him under South Carolina law and the 1,4,5,6,8, and 14th Amendments to the Constitution of the United States.

14. Petitioner contend fraud on a court confers equitable jurisdiction on this court to set aside his judgment where he was prevented from exhibiting fully his case by fraud or where he never had knowledge of the suit.

15. Petitioner contend reference to underlying action constitutional violations violating rights guaranteed to him under South Carolina law and the 1,4,5, 6,8, and 14th Amendments to the Constitution of the United States has resulted in the conviction of him who is actually innocent.

16. Petitioner request dismissal with prejudice reference to underlying action which is the only sanction available that is commensurate with the duty of candor violations.

17. Petitioner contend his entire application for post-conviction relief is pursuant to the laws and Constitution of South Carolina and the United States.

18. Petitioner contend reference to underlying action he was prejudiced by his attorney's failure to raise issue of the trial court's lack of subject matter jurisdiction in absence of his amenability to process and absent his consent to the suit and such fraudulent misrepresentation by counsel prevented him from fully and fairly presenting his case and counsel's fraud on the court remains in effect in violation of rights guaranteed to him under South Carolina law and the 1,4,5,6,8, and 14th Amendments to the Constitution of the United States.

19.     Petitioner contend reference to underlying action he was prejudiced by unauthorized official's and their failure to serve process on him and such fraud on the court allowed them with his attorney's participation to "frame" him for crimes he did not commit and such fraud and deception practiced on him prevented him from exhibiting fully his case and such fraud on the court remains in effect in violation of rights guaranteed to him under South Carolina law and the 1,4,5,6,8, and 14th Amendments to the Constitution of the United States.

20.     Petitioner contend based on all the foregoing, he concludes that he has established constitutional violations and deprivations that would require this court to grant him immediate relief and upon it's failure to do so would constitute a irreparable injury to him as well as a fundamental miscarriage of justice.

On November 21, 2006, he filed a "Notice of Motion And Motion For Immediate 'Arrest' Of Petitioner's Void Judgment Under Fed.R.Crim.P. Rule 34 Pursuant To The Constitution, Laws Or Treaties Of the United States." Respondent made its Return and Motion to Dismiss on February 23, 2007, requesting that the application be summarily dismissed.

On March 5, 2007, the Honorable Thomas A. Russo filed a Conditional Order of Dismissal, in which he provisionally denied and dismissed the Application and gave petitioner twenty days from the date of service of the Order in which to show cause why the dismissal should not become final.

The Conditional Order summarized the procedural history related to petitioner's state court convictions and sentence. It then made the following findings of fact and conclusion of law:

For the reasons discussed below, the Court concludes the current action for postconviction relief should be dismissed without prejudice. The Applicant may file a post-conviction relief action regarding the subject convictions upon completion of his criminal appeal.

The Order held that:

Pursuant to S.C. Code Ann. § 17-27-70(b)[2], the Court intends to dismiss this Application without prejudice unless the Applicant provides specific reasons, factual or legal, why the Application should not be dismissed in its entirety. The Applicant is granted twenty (20) days from the date of service of this Order upon him to show why this Order should not become final. The Applicant shall file any reasons he may have with the Lexington County Clerk of Court and shall serve opposing counsel ....

Conditional Order, at p. 2. The Florence County Clerk of Court's records reflect that the Clerk served petitioner with the Judgment and attached Conditional Order on March 5, 2007.

On March 9, 2007, petitioner responded by letter to Judge Russo. He objected because the trial court supposedly lacked personal jurisdiction over him because he did not consent to "this suit." He further maintained that he did "not consent to forum court's jurisdiction at any stage in proceedings because his objection to absence of personal jurisdiction based on defective personal service of process may be rescinded by such a consent."

On June 8, 2007, Judge Russo filed a Final Order. He summarily denied relief and dismissed the Application with prejudice. In doing so, he found that:

This Court has reviewed the Applicant's response to the Respondent's motion to dismiss in its entirety, in conjunction with the original pleadings, and finds that a sufficient reason has not been shown why the Conditional Order of Dismissal should not become final. The Applicant cites several statutes in support of his claim of lack of jurisdiction; however, this Court finds no merit to the Applicant's allegation. The Applicant cites to U.S.C. § 636(b)(1), which is an incomplete citation. He cites to Fed.R.Civ.P.72(b), which concerns the appointment of a magistrate in Federal District Court to hear special matters. Lastly, the Applicant cites § 15-78-100, which

---

[2] S.C. Code Ann. § 17-27-70(b) states in pertinent part:.

When a court is satisfied, on the basis of the application, the answer or motion, and on the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by an further proceedings, it may indicate to the parties its intention to dismiss the application and give its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal.

relates to the South Carolina Tort Claims Act. None of these citations support the Applicant's allegation.

IT IS THEREFORE ORDERED that, for the reasons set forth in the Court's Conditional Order of Dismissal, the Application for post-conviction relief is hereby denied and dismissed with prejudice.

Final Order, at p. 2.

Petitioner did not timely serve and file a notice of appeal from this Order. Instead, he filed a complaint and motion to dismiss dated January 14, 2007, which the South Carolina Supreme Court construed as a Petition for Writ of Habeas Corpus, in its original jurisdiction. Petitioner alleged that:

1.  I am the plaintiff in this case, or at any stage in proceedings. I make this complaint and affidavit of defense in support of my motion to dismiss private state actors' claims in the case at bar, or at any stage in proceedings.

2.  Plaintiff, want subject-matter jurisdiction in the case at bar, or at any stage in proceedings.

The South Carolina Supreme Court filed an Order denying the petition on February 6, 2008. It denied the petition "[b]ecause petitioner has not shown that 'there has been a violation of fundamental fairness shocking to the universal sense of justice .... .'" (*citing* <u>Simpson v. State</u>, 329 S.C. 43, 495 S.E.2d 429 (1998)).


## II. HABEAS ALLEGATIONS

Petitioner filed his petition on January 30, 2009. An amended petition was filed on February 24, 2009, (doc.#9) in which petitioner raises the following allegations:

GROUND ONE:   Plaintiff want Federal subject matter jurisdiction purportedly based on that pre-empted §301 case at bar.

SUPPORTING FACTS:   Because an area of state law has been completely preempted by federal law therefore petitioner's claims

are purportedly based on that pre-empted §301 case at bar which is considered from its inception as federal claims arising under federal law for jurisdiction purposes. 28 U.S.C.A. §§1331, 1441(b).

GROUND TWO:                  Plaintiff was illegally searched, seized, and prosecuted by way of state action purportedly based on that pre-empted § 301 case at bar.

SUPPORTING FACTS:            Such illegalities were conducted in violation of petitioner's First Amendment Free Speech rights, Fourth, Fifth, Sixth, Eighth, Amendment rights, as well as Procedural and Substantive Fourteenth Amendment Due process rights.

GROUND THREE:                Plaintiff was illegally by fraud joined to the collective bargaining agreements in the §301 case at bar.

SUPPORTING FACTS:            Same supporting facts as under Grounds 1 & 2.

GROUND FOUR:                 Plaintiffs insubstantial complaints were illegally filed in-state court solely for jurisdiction purposes.

SUPPORTING FACTS:            Same supporting facts as under Grounds 1 & 2.

On March 9, 2009, petitioner filed a  motion to amend his petition to assert the following:

Plaintiff, want federal jurisdiction of the subject matter by way of state action purportedly based on the Labor Management Relations Act? Labor Management Relations Act, 1947, 301, 29 U.S.C.A. § 185.

"Substantive arbitrability" is concerned with whether dispute relates to subject matter which parties have contractually agreed to submit to arbitration. See International Union, United Auto., Aero-space and Agr. Implement Workers of America (UAW) v. Folding Carrier Corp., C.A.lO (Okla.) 1970, 422 F.2d 47.

" 'A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.' " Tuck v. United Servo Auto Ass'n, 859 F.2d 842, 844 (10th Cir.1988).

(Doc. #11).

An Order was entered by the Court finding that said motion to amend "should be deemed a brief in

support of the petition for writ of habeas corpus. Accordingly, the motion is **moot**, and docket entry 11 will be filed as an attachment to the amended petition for writ of habeas corpus (docket entry 9 [the amended petition] and entitled "brief in support of petition for writ of habeas corpus." (See doc. #11). The Court entered Orders [Docs. 23, 26, 29, 36 and 49] finding that each of his subsequent motions to amend [Docs. 19, 22, 25, 28 and 40] was moot.

### III. SUMMARY JUDGMENT

As stated above, on July 6, 2009, the respondent filed a return and memorandum of law in support of their motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court

assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a

petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).


## V.  DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In <u>Ex parte Royall</u>, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

<u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal

habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See <u>Murray v. Carrier</u>, 477 U.S.478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir. 1997); <u>cert.denied,</u> 118 S.Ct. 102 (1997) citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n. 1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288,297-98 (1989); and <u>George v. Angelone</u>, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. <u>Granberry v. Greer</u>, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, <u>Coleman v. Thompson</u>, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Clozza v. Murray</u>, 913 F.2d 1092 (4th Cir. 1990), <u>cert. denied</u>, 499

U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.


**VI. ANALYSIS**

The respondent contends that the issues raised in this habeas petition are technically exhausted but are procedurally barred from federal habeas corpus review.

**Ground One**

In Ground One, petitioner asserts as supporting facts that "because an area of state law has been completely preempted by federal law, petitioner's claims are purportedly based on that pre-

empted §301 case at bar which is considered from its inception as federal claims arising under federal law for jurisdiction purposes. 28 U.S.C.A. §§ 1331, 1441(b)." (Amended petition, doc.#9).

Respondent argus that the state supreme court did not address the merits of this allegation because it was not presented to the state supreme court and petitioner did not appeal from the Final Order. Furthermore, respondent asserts that petitioner instead filed a habeas petition in state court's original jurisdiction but did not raise this argument in the state habeas petition. Additionally, respondent argues that petitioner could not properly assert the present allegation in the state PCR court because it could have been raised at trial and on appeal and, thus, the state supreme court would not and did not address the merits of any claim therein. Respondent argues that this claim should be dismissed as procedurally defaulted. Even if the matter was not procedurally defaulted, respondent argues that a review of the state supreme court's order in this case leads to the conclusion that the order appears to rest on state procedural ground, not federal law. Respondent asserts that petitioner cannot show cause and prejudice to overcome the procedural default. Respondent asserts that neither 28 U.S.C.A. §1331 nor §1441(b) have any bearing on whether a state trial court has jurisdiction over a defendant in a state court criminal trial

After a review of the record, this court finds this issue is barred from federal review in that the issue was procedurally defaulted in state court under Coleman v. Thompson, 501 U.S. 722, (1991), because it was not raised in an application for PCR and was not raised in petitioner's state habeas petition. Thus, this issue was not addressed by the state courts.

As to the procedural default, the petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the

claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the respondent's motion for summary judgment be granted iwth regard to Ground One.

In the alternative, even if this issue had been raised in the state court, it should be dismissed in that any issues with relation to subject matter jurisdiction of the state court are not cognizable in federal habeas review. Additionally, the sections on which petitioner relies, 28 U.S.C.A. §1331, §1441(b),[3] would not apply to his state criminal convictions. Thus, his allegations are without merit

---

[3] 28 U.S.C.A. §1331 pertains to Federal Question and reads as follows: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C.A. §1441(b) pertains to civil actions that are removed to federal court and reads

and should be dismissed.

**Ground Two**

In Ground Two of the amended petition, petitioner asserts that he "was illegally searched, seized, and prosecuted by way of state action purportedly based on that pre-empted §301 case at bar." (Amended petition, doc. #9). Respondent argues that this issue is procedurally defaulted for the same reasons they argued under Ground One.

However, even if this claim is not procedurally defaulted, it is not proper for federal habeas corpus review. The undersigned concludes that this is an issue of evidence and the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). Petitioner had a chance to litigate this issue is state court. Thus, it is recommended that this issue be dismissed and respondent's motion for summary judgment granted with respect to this ground.

**Ground Three**

In Ground Three of the amended petition, petitioner asserts that he "was illegally by fraud joined to the collective bargaining agreements in the §301 case at bar." (Amended petition, doc. #9). For supporting facts, petitioner states "Same supporting facts as under ground 1 and 2." Id.

---

as follows: (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Petitioner's motion to amend filed March 9, 2009, was addressed in the Court's Order of March 11, 2009, finding that the motion should be "deemed a brief in support of the petition for writ of habeas corpus. Accordingly, the motion is **moot**, and docket entry 11 will be filed as an attachment to the amended petition for writ of habeas corpus (docket entry 9) and entitled "brief in support of petition for writ of habeas corpus." Therefore, based on this document, it appears petitioner was attempting to amend or add to this allegation to state that "plaintiff, want federal jurisdiction of the subject matter by way of state action purportedly based on the Labor Management Relations Act? Labor Management Relations Act, 1947, 301, 29 U.S.C.A. §185." (See docs. #11 and #14).

Respondent argues that this issue is procedurally barred for the same reasons as set forth under their argument for Ground One. Further, respondent argues that petitioner has "cited a federal statute that does not have any bearing, whatsoever, on whether the State of South Carolina could try petitioner, criminally, for crimes committed within its jurisdiction." (Respondent's memorandum, p. 29).

This issue should be dismissed as it is procedurally defaulted. This issue was not raised and/or ruled upon by the state courts. Petitioner cannot show cause and prejudice for failing to raised this issue. Furthermore, the Sections/law pertaining to the Labor Management Relations Act §301 which petitioner refers has no relation to his criminal proceedings. Petitioner refers to 29 U.S.C.A. §185[4] which concerns suits by and against labor organizations for violations of contracts. Petitioner

[4] 29 U.S.C.A. § 185. Suits by and against labor organizations

(a) Venue, amount, and citizenship

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments

appears to argue in his petition that §301 preemption of the Labor-Management Relations Act (codified at 29 U.S.C. §185) required that his state criminal charges and case be removed to federal court thereby removing the state court's jurisdiction of his criminal case. This argument is without merit as §301 does not apply to petitioner's state criminal charges. Additionally, as this issue attempts to raise a ground that pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). For the above stated reasons, it is recommended that this ground be

---

Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

(c) Jurisdiction

For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

(d) Service of process

The service of summons, subpena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization.

(e) Determination of question of agency

For the purposes of this section, in determining whether any person is acting as an "agent" of another person so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling.

dismissed.

**Ground Four**

In Ground four of the petition, petitioner asserts that "plaintiff's insubstantial complaints were illegally filed in-state court solely for jurisdiction purposes." As respondent argues, this issue is procedurally defaulted and petitioner has not shown cause and prejudice to overcome the default. Additionally, as this issue attempts to raise a ground that pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). For the above stated reasons, it is recommended that this ground be dismissed.

**VI. CONCLUSION**

Based on the foregoing, it is recommended that respondent's motion for summary judgment (docket entry #62) be GRANTED and the petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that the petitioner's motions to dismiss (docs. #66, #81, #83, #87, and #93) be DENIED and any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

January <u>15</u>, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**